# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| HENDERZOHT RENGIFO PALACIOS, PETITIONER, | § | |
| | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:26-CV-1601-E-BK |
| | § | |
| US IMMIGRATION AND CUSTOMS ENFORCEMENT, | § | |
| | § | |
| RESPONDENT. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. Upon review, the petition should be **DISMISSED WITHOUT PREJUDICE** as premature.

On May 18, 2026, Petitioner Henderzoht Rengifo Palacios, a Venezuelan national and alien detainee in the custody of Immigration and Customs Enforcement ("ICE"), initiated this action by filing a *pro se* petition for writ of habeas corpus challenging his detention pending removal. Doc. 3. Relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231(a)(6), Palacios alleges that ICE has detained him "beyond the removal period" and is not likely to remove him in the near future. Doc. 3 at 6; Doc. 4 at 10-11. Palacios thus seeks immediate release from custody. Doc. 3 at 7; Doc. 4 at 11.

Respondent opposes relief because the June 5, 2026, removal order only recently became administratively final and Petitioner is now held under 8 U.S.C. § 1231(a)(1). Doc. 8 at 3-4.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a post-removal-order-detention challenge. The court held that it is presumptively constitutional for an alien to be detained for not more than six months after a *final* order of removal. *Id.* at 701.

Here, Respondent's records confirm an immigration judge ordered Palacios removed on June 5, 2026, and his removal order became administratively final when he did not appeal to the Board of Immigration Appeals (BIA) within the allotted time. Doc. 9 at 30-31.[1] *See* 8 U.S.C. § 1101(a)(47)(B) ("The [removal] order . . . shall "become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]."); 8 C.F.R. § 1241.1(c) (an order of removal becomes administratively final "[u]pon expiration of the time allotted for an appeal if the respondent [the alien petitioner here] does not file an appeal within that time").

Palacios' petition is thus premature and should be dismissed without prejudice. *See* *Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-18 (5th Cir. 2011) (per curiam) (affirming dismissal of post-removal-order-detention challenge as premature; noting that six-month period following date on which removal order becomes final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*).

[1] *See also* Executive Office for Immigration Review (EOIR) automated case information database available at https://acis.eoir.justice.gov/en/ (last accessed on August 12, 2026).

For the foregoing reasons, Palacios' petition for writ of habeas corpus should be summarily **DISMISSED WITHOUT PREJUDICE** as premature.

**SO RECOMMENDED** on August 26, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).